IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-CR-00543-M-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| JERMAINE CLACK, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's motion for compassionate release [DE 145]. The court finds that Defendant has failed to present an extraordinary and compelling reason for a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). In addition, Defendant has not met his burden in showing that a sentence reduction would accord with the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). For those reasons, Defendant's motion is denied.

I.  **Abbreviated Factual and Procedural History**

Defendant was charged in a multi-count Indictment with (1) conspiring to distribute cocaine, heroin, and marijuana, (2) possessing with intent to distribute cocaine, (3) possessing a firearm in furtherance of a drug trafficking crime, and (4) possessing a firearm as a felon. DE 1 at 1-4. In early 2022, he entered a guilty plea to possessing a firearm in furtherance of a drug trafficking crime, DE 63, a felony offense that carries a mandatory minimum sentence of 60 months, 18 U.S.C. § 924(c)(1)(A)(i). Several months later, and in recognition of his laudable rehabilitative efforts between the time of indictment and sentencing, this court sentenced Defendant to the mandatory minimum under the statute. DE 81; DE 101 at 14-15.

Defendant is presently incarcerated at Federal Correctional Institution Butner, and has a projected release date of March 14, 2026. *See Find an inmate.*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (search of "Jermaine Clack" revealing inmate record with release date of "3/14/2026") (last visited Nov. 21, 2024). Defendant filed (through counsel) the instant motion seeking immediate release so that he can care for his mother. DE 145 at 1.

According to the motion, Defendant's mother is 72, "functionally disabled[,] and lives alone in Raleigh." *Id.* The motion asserts further that Defendant's mother has "serious rheumatology issues," and "need[s] a home health aide." *Id.* at 1-2. The motion indicates that Defendant's mother "cannot now dress herself or bathe without assistance, and needs help in all manner of daily life," but Defendant is the "only available live-in 24/7 caretaker." *Id.* at 2. Defendant has two sisters, but one "in Pennsylvania is not available as a caretaker," and his other "in North Carolina . . . travels constantly in her work." *Id.*

The United States responded to the motion. DE 147. The United States argues that Defendant's motion fails to establish that Defendant's mother is incapacitated within the meaning of the United States Sentencing Guidelines. *Id.* at 6. The United States further rejoins that Defendant's motion is not accompanied by sufficient evidence to demonstrate that Defendant is the only available caretaker. *Id.* at 10-11.

In reply, Defendant disputes that evidentiary gaps undermine his motion because the motion "is analogous to a civil complaint." DE 149 at 1. He contends that, if the court orders a "hearing," he "will put on all manner of evidence in support of" the motion's "allegation[s]." *Id.* Since filing that reply, Defendant has filed five supplemental replies, wherein he advises the court that his mother's health continues to deteriorate, that he has been unable to obtain a medical furlough from the Bureau of Prisons ("BOP"), and that his anticipated release date to home

2

Case 5:20-cr-00543-M    Document 167    Filed 12/03/24    Page 2 of 11

confinement is sometime in September 2025. DE 153; DE 155; DE 159; DE 163; DE 164. The court is fully apprised, and this matter is ready for decision.

## II. Legal Standards

Ordinarily, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "Congress provided an exception to that general rule . . . which permits courts to reduce a sentence or permit immediate release based on 'extraordinary and compelling reasons warranting' such relief." *United States v. Centeno-Morales*, 90 F.4th 274, 278 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)(1)(A)).[1] This analysis proceeds in two parts. First, the court must consider whether "a reduction is warranted by extraordinary and compelling reasons." *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). If a defendant has presented extraordinary and compelling reasons for a reduction, the court must then "consider the § 3553(a) sentencing factors to the extent that they are applicable in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (cleaned up).

At step one, the court must also find that a sentence reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). "[O]n November 1, 2023, the Sentencing Commission, via Amendment 814, amended Guideline § 1B1.13(b)(1)–(6) to address compassionate release motions brought directly by a defendant and to clarify and expand the list of what may qualify as an extraordinary and compelling reason to support a sentence reduction." *United States v. Moultrie*, No. 5:17-CR-1138, 2024 WL 2847966, at *2 (D.S.C. June 4, 2024); *see*

---

[1] Alternative grounds for a sentence reduction, inapplicable here, are outlined in § 3582(c)(1)(A)(ii) (listing that the defendant be at least seventy years old, served at least thirty years in prison, and have a BOP determination that he is not a danger to the safety of any other person or the community).

3

*also United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024) ("In May 2023, the Sentencing Commission, having finally achieved a quorum, promulgated amendments to U.S.S.G. § 1B1.13, the section that governs § 3582 and discusses the contours of 'extraordinary and compelling' reasons."). This amended Guideline contains a non-exhaustive list of circumstances that constitute extraordinary and compelling reasons for compassionate release. *See* U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)–(6) (listing terminal illness; a condition from which a defendant is not expected to recover that substantially diminishes his ability to provide self-care within the correctional-facility environment; age 65 or older; and other listed requirements and enumerated family circumstances). Because the list is non-exhaustive, "this [c]ourt has authority to consider any 'extraordinary and compelling reason' that a defendant might raise, regardless of the Sentencing Commission's pronouncements." *United States v. Hall*, No. 09-CR-0520, 2024 WL 1485724, at *1 (D. Md. Apr. 5, 2024); *cf. Concepcion v. United States*, 597 U.S. 481, 494 (2022) ("The only limitations on a court's discretion to consider any relevant materials at an initial sentencing or in modifying that sentence are those set forth by Congress in a statute or by the Constitution.").

At step two, the court considers the sentencing factors set forth in Section 3553(a). 18 U.S.C. § 3582(c)(1)(A). "A movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence," *Centeno-Morales*, 90 F.4th at 279, and a court may deny a defendant's motion based on its consideration of the applicable 3553(a) factors, even if extraordinary and compelling circumstances exist, *see Kibble*, 992 F.3d at 331-32. It is "significant when the same judge who sentenced the defendant rules on the compassionate release motion," *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022) (cleaned up), because that

judge is most intimately familiar with the Section 3553(a) factors for that defendant, *see Hargrove*, 30 F.4th at 200.

### III. Analysis

#### A. Exhaustion

A defendant may not move for a reduction in sentence unless he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Defendant requested that the BOP bring a motion on his behalf, and that request was denied in February 2024. *See* DE 145-1 at 5. Defendant has exhausted his administrative remedies.

#### B. Extraordinary and Compelling Reasons

On the merits, the court finds that Defendant has failed to identify an extraordinary or compelling reason that would warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A). He offers one reason for a sentence reduction: so that he may care for his mother, who he describes as "functionally disabled" due to "serious rheumatology issues." DE 145 at 1. Per amended Guideline § 1B1.13(b), the "incapacitation of the defendant's parent" constitutes an extraordinary and compelling reason for a sentence reduction "when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Defendant must therefore satisfy two elements: incapacitation and sole availability. He has satisfied neither.

First, "[f]or guidance on what constitutes 'incapacitation,' courts look to the BOP's non-binding Program Statement for processing compassionate release requests." *United States v. White*, No. 16-CR-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021) (collecting cases). In analogous circumstances, the BOP considers an individual incapacitated when they have

5

"[s]uffered a serious injury, or a debilitating physical illness and the result of the injury or illness [are] completely disabled, meaning that [they] cannot carry on any self-care and [are] totally confined to a bed or chair." Federal Bureau of Prisons, Program Statement § 5050.50 at 10, https://www.bop.gov/policy/progstat/5050_050_EN.pdf. The medical evidence regarding Defendant's mother falls short in demonstrating incapacitation.

Notes from two December 2023 medical appointments reflect that Defendant's mother has "bilateral hand pain" consistent with "osteoarthritis." DE 145-1 at 6. That pain started "3 months" prior to the appointments. *Id.* at 7. She additionally "has pain in the left side of her neck that radiates down her entire arm," but reported "no lower extremity pain." *Id.*

Defendant also submits a letter from a rheumatology clinic, which states that osteoarthritis "*can* significantly impact [] mobility, daily activities, and overall quality of life." *Id.* at 13 (emphasis added). The letter further states that "there will be times when" someone suffering from osteoarthritis will "require additional assistance and support, particularly with activities of daily living." *Id.* Because of the intermittent need for assistance that osteoarthritis may prompt, the letter recommends "a home health aide," who could assist "with mobility and getting around [the] home safely, personal care, medication management, household tasks, and emotional support." *Id.*

This evidence does not demonstrate that Defendant's mother is incapacitated. *See, e.g., United States v. Donald*, No. 21-CR-41, 2024 WL 4581209, at *1, *4-5 (D. Del. Oct. 24, 2024) (holding that declining health of defendant's mother due to "osteoarthritis and atrial fibrillation" did not demonstrate incapacitation); *United States v. Farris*, No. 1:21-CR-00269, 2024 WL 554278, at *2 (S.D. Ind. Feb. 12, 2024) (finding that "severe osteoarthritis requiring a double hip replacement" was not the same as incapacitation); *United States v. Cobb*, No. 18-CR-576-2, 2022 WL 3083034, at *5 (E.D. Pa. Aug. 3, 2022) (letter from doctor indicating that defendant's mother

6

required regular medical care for "hypertension, chronic kidney disease, esophageal reflux, diverticulosis, aortic valve regurgitation, gait instability, osteoarthritis with chronic pain, anxiety, and depression" did not support that she was "incapacitated requiring continuous care for twenty-four hours per day"); *United States v. Lance*, No. 4:17-CR-40107-15, 2023 WL 7927751, at *3 (C.D. Ill. Nov. 16, 2023) (finding that defendant's father was not incapacitated, even though he had "limited mobility," "numbness in both hands," could not "sit or stand for too long," "has uneven balance," and "needs help getting dressed in the morning," because he could "still engage in some self-care activities"). Defendant's mother has been able to attend multiple medical appointments and reports "no lower extremity pain." *Id.* at 7. These facts alone refute that she is "unable to carry on any self-care" or that she "is totally confined to a bed or chair." *United States v. Major*, No. 09-CR-434, 2023 WL 8188445, at *4 (E.D. Pa. Nov. 27, 2023).

The letter from the rheumatology clinic also does not demonstrate that Defendant's mother is incapacitated. The letter describes the effects of osteoarthritis generally, not the condition of Defendant's mother specifically. DE 145-1 at 13. And its recommendation of a home health aide to assist with certain tasks is not tantamount to a doctor's opinion that Defendant's mother requires around-the-clock assistance or that she cannot carry on any self-care. *See id.*; *see also Donald*, 2024 WL 4581209, at *5 ("Difficulties with self-care . . . do not amount to inability or incapacity.").

In that respect, "the information Defendant provided is confusing and, at times, contradictory" to the allegations in his motion that his mother is functionally disabled and needs a "live-in 24/7 caretaker." *United States v. Patino*, No. 1:19-CR-27-4, 2021 WL 5566772, at *3 (W.D.N.C. Nov. 29, 2021); DE 145 at 2. Although "the Court sympathizes with Defendant regarding his mother's deteriorating condition," *United States v. Baye*, 464 F. Supp. 3d 1178, 1190

7

(D. Nev. 2020), "[m]any, if not all inmates, have aging and sick parents," *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019). This court "is simply unconvinced, based on the *evidence* before it, that [Defendant's mother] is completely disabled, totally bedridden, or unable to care for her[self] in at least some capacity." *United States v. McKenzie*, 636 F. Supp. 3d 892, 898 (E.D. Tenn. 2022) (emphasis added). The court thus finds that the health of Defendant's mother does not constitute an extraordinary or compelling reason to reduce Defendant's sentence because the available evidence does not reflect that she is incapacitated within the meaning of the Sentencing Guidelines. *See* U.S.S.G. § 1B1.13(b)(3); BOP Program Statement § 5050.50 at 10.

Defendant likewise has not shown that he is "the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3). "[I]t is easy to simply allege the absence of other potential caregivers." *United States v. Williams*, No. 22-CR-1444, 2024 WL 3172729, at *2 (S.D. Cal. June 25, 2024). But compassionate release is an extraordinary form of judicial relief; a defendant must therefore make "a robust evidentiary showing that [he] is the only available caregiver." *United States v. Richardson*, No. 5:18-CR-507, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020); *see also United States v. Lindsey*, No. 13-CR-271, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (noting that "courts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions, before concluding that an extraordinary and compelling reason has been established") (internal quotation marks omitted). On this point, Defendant offers no evidence, only the representations of his counsel in briefing. DE 145 at 2. But the statements of an attorney in briefing "are not evidence." *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 468 n.6 (8th Cir. 2002); *see also Jamaica Ash & Rubbish*

8

*Removal Co. v. Ferguson*, 85 F. Supp. 2d 174, 182 (E.D.N.Y. 2000) ("an attorney's statement or argument is not evidence").

Even if the court considered the statements in Defendant's motion, they do not demonstrate that he is the only available caregiver for his mother. Notably, Defendant has a sister who also lives in North Carolina. DE 145 at 2. Notwithstanding her "constant[]" travel for work, *id.*, "[t]he possibility that nearby adult family members may need to shift work commitments [] to care for an elderly family member is not an extraordinary circumstance," *Donald*, 2024 WL 4581209, at *4.

Defendant also states that his sister "in Pennsylvania is not available as a caretaker," but fails to offer any reason why. DE 145 at 2. If Defendant's mother's circumstances are as dire as Defendant indicates, her temporary relocation to Pennsylvania (until Defendant is released from custody), or his sister's temporary relocation to North Carolina, could be considered. *See United States v. Gross*, No. 1:17-CR-37, 2024 WL 4100325, at *3 (N.D. Ind. Sept. 5, 2024) ("Unwilling individuals are not unavailable; and the fact that it would be difficult for other family members does not equate to unavailability."). Furthermore, the rheumatology clinic recommended a home health aide. DE 145-1 at 13. Defendant's motion fails to advance any argument that such an arrangement would not be feasible, and nor does it address whether "alternative sources of care are available, including other family and friends or social service and community programs." *United States v. Martinez*, No. 10-CR-233(1), 2022 WL 1089671, at *4 (W.D.N.Y. Apr. 12, 2022). Taken together, the court finds that Defendant has not established that he is "the only available caregiver for the parent." U.S.S.G. 1B1.13(b)(3)(C).

Defendant also cites three cases that he contends support his request for compassionate release. DE 145 at 3. Each case is distinguishable for several reasons, but most notably in each

9

case the court received uncontroverted evidence that the defendant was the only available caregiver. *E.g.*, *United States v. Deese*, No. 7:10-CR-64 (E.D.N.C. May 6, 2020), DE 128 at 4-5 (noting that "defendant has submitted uncontroverted, verified evidence that . . . no other family members are available to assume custody); *United States v. Thomas*, No. 3:08-CR-170 (S.D.Miss. June 12, 2020), DE 229 at 6 (observing that "the Government does challenge the facts," including that the defendant was the only available caretaker); *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (citing extrinsic evidence to conclude that defendant "is the only available caregiver") (internal quotation mark omitted). Here, Defendant has offered no such evidence.

On this point, the court must address Defendant's position that his motion for compassionate release "is analogous to a civil complaint." DE 149 at 1. It is not. Defendant has suffered no legal injury, and he requires no discovery from adverse parties to substantiate his claim for relief. There is no present impediment that prevents him from supporting his motion with evidence. Consequently, the court discerns no good reason to afford his allegations a presumption of verity.

Defendant may well be able to "put on all manner of evidence in support" of his motion at a hearing, DE 149 at 1, but it was incumbent on him to support his motion with such evidence; defendants are not entitled to a hearing on their compassionate release motions. *See United States v. Powell*, No. 16-CR-0059, 2024 WL 4529502, at *2 (D.N.H. Oct. 15, 2024) (collecting cases and finding that "[c]ircuit courts of appeal have consistently held that a defendant is not entitled to a hearing on a postconviction motion for compassionate release."). If federal courts were required to assume the truth of allegations in a motion for compassionate release and set hearings to resolve them, they would assume an enormous burden, and one not plainly contemplated or mandated by

10

Congress. *See* 18 U.S.C. § 3582(c). The court thus finds that Defendant's motion fails to demonstrate an extraordinary and compelling reason for a sentence reduction.

C. Section 3553(a)

Because Defendant did not present an extraordinary and compelling reason for a sentence reduction, he is not entitled to relief. *See* 18 U.S.C. § 3582(c)(1)(A). Even if he had, the court would still decline to reduce his sentence "after considering the factors set forth in section 3553(a)." *Id.* As noted previously, "[a] movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence." *Centeno-Morales*, 90 F.4th at 279. Defendant's motion offers no argument regarding the Section 3553(a) factors. *See* DE 145 at 1-5. Without presentation of "substantial post-sentencing mitigating evidence," *Centeno-Morales*, 90 F.4th at 279, the court finds Defendant has not met his burden.[2]

**IV. Conclusion**

Defendant has not offered an extraordinary and compelling reason for a sentence reduction, or advanced argument that such a reduction would accord with the Section 3553(a) factors. For those reasons, Defendant's motion [DE 145] is DENIED.

SO ORDERED this 2d day of December, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Although not addressed explicitly in his motion, it does appear that Defendant has served good time, without a record of infractions. DE 145-1 at 3. The court commends Defendant for his good behavior in custody, but at the same time observes that "a defendant's compliance with prison rules is a minimum expectation of incarceration, not an extraordinary circumstance." *United States v. Abrams*, No. 3:11-CR-00384, 2023 WL 3397418, at *4 (W.D.N.C. May 11, 2023).

11